UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE COWAN, JR.; PATRICIA COWAN,

        Plaintiffs,

vs.                       Case No.  2:07-cv-184-FtM-29SPC

STATE OF FLORIDA, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, ET AL.,

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on various motions including Motions to Dismiss (Docs. ## 338, 339, 340, 349, 350, 361, 368, 470, 471) and Motions for Summary Judgment (Docs. ## 321, 486), as well as the Court's review of the Second Amended Verified Complaint for Injunctive Relief and Monetary Damages (Complaint)(Doc. #312).

**I.**

The Court will first address defendant Florida Department of Business and Professional Regulation (FDBPR) contention that they have immunity pursuant to the Eleventh Amendment of the United States Constitution. (Doc. #340.) The Eleventh Amendment precludes suits by citizens against their own States in federal court. Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (1973); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). A "state" for Eleventh Amendment purposes includes certain actions against

state agents and state instrumentalities, <u>Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.</u>, 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities. <u>McMillian v. Monroe County</u>, 520 U.S. 781, 785 n.2, (1997). However, under the doctrine of *Ex Parte* <u>Young</u>, 209 U.S. 123, 155-56 (1908), and its progeny, prospective injunctive relief is permitted against state officers sued in their official capacities to prevent a continuing violation of federal law. <u>Summit Med. Assocs., P.C. v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1012 (2000). Here, plaintiff has named FDBPR officers Laura Patricia Gaffney, Patrick Creehan, Lynn Knobel and FDBPR counsel Kimberly Clark (collectively "the FDBPR officers") what appears to be every count asserted against FDBPR. Therefore, FDBPR is dismissed, and the Court will interpret the counts against FDBPR as counts against the FDBPR officers in their official capacity. However, the Court cautions that in filing a Third Amended Verified Complaint, plaintiffs must include allegations as to each individual FDBPR officer, either in their official capacity, individual capacity or both. Therefore, to the extent that plaintiffs' request monetary damages in counts asserted against the FDBPR officers in their official capacity, those requests are stricken. Plaintiffs are instructed that in filing their Third Amended Verified Complaint to clearly articulate whether the FDBPR officers are also sued in their individual capacity.

**II.**

The Court now turns to the specific allegations of the Complaint.  The Court has spent an inordinate amount of time attempting to understand the Complaint.  The document is made up of 1,323 pages containing 3,807 paragraphs and 175 counts.  Many of the counts reference both the "Civil RICO In scheme of Conspiracy of Organized Fraud and Deceit Involving Plaintiff's Private Business Invasion under 18 U.S.C. # 1961-1968, sections 1962(c) by false personation . . ." and Section 1983.  <u>See, e.g.</u>, Complaint Counts II - IV; XIII-XV.  The referencing of both RICO and Section 1983 makes it difficult to ascertain which allegations relate to which statutory violation.  Not being able to decipher the document, the Court finds that the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8 and 10.  As plaintiffs are proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that they bear as *pro se* parties.  The Court finds that plaintiffs should be afforded an opportunity to amend the complaint to properly allege their claims and in doing so plaintiffs should adhere to the following instructions.

In filing a Third Amended Verified Complaint, plaintiffs must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a <u>*short*</u>, plain statement regarding the relief sought in distinct, numbered paragraphs.  The document should be entitled

"Third Amended Verified Complaint." Plaintiffs should refrain from using Roman Numerals to designate their individual counts. These serve to confuse the Court and hinder accurate reference to the counts. Plaintiffs shall designate their individual counts by Arabic numbers. Plaintiffs should also refrain from combining claims arising under Section 1983 and those arising under RICO. Each claim should be brought under a separate Count.

**A.**

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). Plaintiff also must prove an affirmative causal connection between defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995).

The statute of limitations period for actions under Section 1983 is dictated by state law, which in this case is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Thus,

plaintiffs may not assert claims under Section 1983 for any actions by defendants that occurred over four years ago.

**B.**

Plaintiffs also seek to bring claims pursuant to Racketeer Influenced and Corrupt Organizations (RICO). RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. § 1962(c). The pleading requirements of a civil RICO action have been discussed at some length in Williams v. Mohawk Indus., 465 F.3d 1277, 1282-1291 (11th Cir. 2006), cert. denied, 127 S. Ct. 1381 2007). In addition to an impact on interstate or foreign commerce, a civil RICO claim is required to set forth the four requirements of 18 U.S.C. § 1962(c)[1], and the two requirements of 18 U.S.C. § 1964(c).[2] Id. The Third Amended Verified Complaint must allege the "conduct of an enterprise" and that the enterprise had a common goal, and that defendants participated in the operation or management of the enterprise itself. Williams, 465 F.3d at 1283-84. The "pattern of racketeering activity" element requires that a civil RICO plaintiff

---

[1] (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

[2] (1) the requisite injury in plaintiff's business or property, and (2) that such injury was "by reason of" the substantive RICO violation.

establish "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Congress has defined "racketeering activity" to mean the violation of any of the criminal statutes listed in 18 U.S.C. § 1961(1), which includes bank fraud, and mail fraud. Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating the charged predicate statutes. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 486-88 (1985); 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes). Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. See Central Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993), cert. denied, 512 U.S. 1207, (1994). A "pattern" of racketeering activity is shown when defendant commits at least two distinct but related predicate acts. Williams, 465 F.3d at 1283.

Accordingly, it is now

**ORDERED:**

1. Defendant Florida Department of Business and Professional Regulation's (FDBPR) Motion to Dismiss (Doc. #340) is **GRANTED** to the extent that FDBPR is dismissed and plaintiffs' requests for monetary damages in all counts asserted against either the FDBPR or

its officers in their official capacity are stricken, and is otherwise **DENIED**.

    2.   Defendants' Motions to Dismiss (Docs. ## 338, 339, 349, 350, 361, 368, 470, 471) are **GRANTED**.

    3.   Defendants' Motions for Summary Judgment (Docs. ## 321, 486) are **DENIED as moot.**

    4.   All remaining pending motions are **DENIED as moot.**

    5.   The Second Amended Verified Complaint (Doc. #312) is **dismissed** without prejudice and with leave to amend. Plaintiffs may file a "Third Amended Verified Complaint" within **TWENTY (20) DAYS** in compliance with this Opinion and Order.

    6.   The Clerk is directed to terminate the Florida Department of Business and Professional Regulation as a defendant and withhold the entry of judgment until the conclusion of the case.

    **DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of September, 2008.

*[Signature: John E. Steele]*

JOHN E. STEELE
United States District Judge