UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE COWAN, JR.; PATRICIA COWAN,

        Plaintiffs,

vs.                        Case No. 2:07-cv-184-FtM-29SPC

LAURA PATRICIA GAFFNEY, ET AL.,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on various Motions to Dismiss and/or Motions to Strike (Docs. ## 618, 621, 625, 627, 629, 669, 674, 675, 676, 844, 851, 853), plaintiffs' Responses and Affidavits (Docs. ## 630, 631, 632, 673, 677, 739, 862, 865, 869, 870, 871), as well as the Court's review of plaintiffs' Final Complete Edited Third Amended Verified Complaint (Doc. #613).

**I.**

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted); Erickson v. Pardus, 551 U.S. 89, 93 (2007); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). In deciding a motion to dismiss,

the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**II.**

In an Opinion and Order issued on September 29, 2008, the Court dismissed without prejudice plaintiffs' Second Amended Verified Complaint and gave leave to file a Third Amended Verified Complaint. (Doc. #491.) The Second Amended Verified Complaint was

both inordinately voluminous and indecipherable. It included several counts that were barred by the relevant statute of limitations period and also included counts that referenced both Civil RICO as well as Section 1983 claims. (Id. at p. 3.) Since plaintiffs are proceeding *pro se*, the Court took the opportunity to explain some of the responsibilities and obligations plaintiffs bear as *pro se* parties. (Id.) The Court detailed what plaintiffs must do in order to conform to the pleading requirements of FED. R. CIV. P. 8 and 10. (Id.) Further, the Court specifically demanded that plaintiffs provide a "*short*, plain statement regarding the relief sought in distinct, numbered paragraphs." (Id.) The Court also addressed specific deficiencies in plaintiffs' Section 1983 and Civil RICO claims. (Id. at pp. 4-6.)

Although the Court detailed what plaintiffs must do in order to conform to the pleading requirements of FED. R. CIV. P. 8 and 10, as well as give specific instructions regarding the Section 1983 and Civil RICO claims, plaintiffs have plainly ignored the Court's Opinion and Order. Plaintiffs filed a "Final Complete Edited Third Amended Verified Complaint" (Complaint) on February 25, 2009. (Doc. #613.) This new document is made up of 1,200 pages, containing 3,655 paragraphs and 245 counts. Thus the Complaint is neither short nor plain. Despite what plaintiffs maintain, they also disregarded the Court's admonition to not reference both RICO and Section 1983 claims in the same count. (See, e.g., Complaint,

Counts 112-138.) Therefore, the Court still cannot ascertain which allegations relate to which statutory violation. Additionally, plaintiffs failed to plead any, let alone sufficient, facts that would support a RICO claim. In many of the RICO claims, plaintiffs do not make factual allegations; they merely recite legal jargon. (See, e.g., Complaint, ¶¶ 149, 611; Doc. #631.)

The facts that follow are from what the Court can decipher from various portions of the Complaint (Doc. #613): plaintiffs allege that Plaintiff Lawrence Cowan's signature was forged on several permit applications. After discovering the alleged forgeries in late 2001 and early 2002, plaintiffs reported them. Employees of the Florida Department of Business and Professional Regulation (FDBPR) investigated plaintiffs' forgery allegations. However, plaintiffs allege that the FDBPR investigation was inadequate. Then, in May 2003, an administrative complaint was filed against plaintiff Lawrence Cowan for "aiding and abetting" the forgery of the permit applications. Plaintiffs allege that the administrative complaint is "fictitious and falsified" and because no hearing was granted regarding the administrative complaint, plaintiff Lawrence Cowan was deprived of his Fifth and Fourteen Amendment rights to due process in violation of Section 1983.

As basis for the Civil RICO causes of action, plaintiffs allege that the FDBPR employees involved with the investigation and the administrative complaint are in an "organized crime connection" forming "enterprises" which have committed several different

-4-

federal criminal acts.  Plaintiffs appear to also be asserting Civil RICO causes of action against every other person or business entity that had any involvement whatsoever with any of the allegedly forged permit applications or the following administrative complaint and alleging that they, too, are part of several criminal enterprises.  Plaintiffs blame these criminal enterprises for "huge losses" in business, including that Plaintiff Lawrence Cowan failed to qualify as a contractor for a development deal which led to Plaintiff Patricia Cowan not being considered as the exclusive real estate agent for the same development project.

**III.**

While it is true that *pro se* pleadings should be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, <u>Trawinski v. United Techs., Carrier Corp.</u>, 313 F.3d 1295, 1297 (11th Cir. 2002), they are nevertheless required to conform to procedural rules.  <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002).  Here, even after the Court made those requirements clear, plaintiffs clearly have not conformed to the pleading requirements of Fed. R. Civ. P. 8 and 10.

Plaintiffs have failed to meet their "obligation to provide the grounds of [their] entitlement to relief" and instead plaintiffs have alleged almost nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  <u>Twombly</u>, 550 U.S. at 555.  Plaintiffs' section 1983 claims appear to hinge on the administrative complaint that

-5-

was filed against them. (See, e.g., Complaint, ¶ 147.) The filing of the administrative complaint allegedly "bought time" for the enterprises to "cover their tracks" and violated plaintiffs' Fifth and Fourteenth Amendment Rights. Id. With regards to the Civil RICO claims, plaintiffs allege, in several different counts against several different defendants, that various combinations of defendants are part of "organized crime connections" forming "enterprises." Plaintiffs then simply list the elements of a RICO cause of action without pleading sufficient facts. (See, e.g., Complaint, ¶¶ 141-144.) Since plaintiffs' allegations "are no more than conclusions, [they] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft, 129 S. Ct. at 1950.

The Eleventh Circuit has held that in *pro se* cases, this Court cannot dismiss a complaint with prejudice without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim. See Van Taylor v. McSwain, 335 Fed. Appx. 32, 33 (11th Cir. 2009) (citations omitted). In this case, the plaintiffs have had a total of six chances (see Docs. ## 1, 110, 312, 509, 514, and 613) to amend, edit, and supplement their complaint, and yet plaintiffs have still failed to state a coherent, plausible claim on which relief may be granted. Furthermore, the Court's last Opinion and Order specifically addressed the deficiencies in plaintiffs' Second Amended Verified

-6-

Complaint. (Doc. #491.) Thus, it is appropriate to dismiss this case with prejudice. See Friedlander v. Nims, 755 F.2d 810, 811-12, 813-14 (11th Cir. 1985) (concluding that dismissal with prejudice was appropriate where the district court gave "specific and repeated warnings," that the complaint required amendment that went ignored by the plaintiff). The Court finds that plaintiffs have disregarded its earlier Opinion and Order and again failed to meet the requirements of Fed. R. Civ. P. 8 and 10. Although a severe sanction, dismissing the Complaint with prejudice is justified in this case. Id. at 813.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. ## 618, 621, 625, 627, 629, 669, 674, 675, 676, 844, 851, 853) are **GRANTED**.

2. All remaining pending motions are **DENIED as moot**.

3. The Final Complete Edited Third Amended Complaint (Doc. #613) is **dismissed** with prejudice. The Clerk shall enter judgment accordingly, terminate all deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record