UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE COWAN, JR.; PATRICIA COWAN,

    Plaintiffs,

vs.                      Case No. 2:07-cv-184-FtM-29SPC

LAURA PATRICIA GAFFNEY, ET AL.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants, Laura Patricia Gaffney, Patrick F. Creehan, Lynn Knobel, Kimberly V. Clark and The Department of Business and Professional Regulation Motion for Attorney's Fees (Doc. #1271) filed on January 28, 2010. PlaintiffS filed a Response (Doc. #1273) on February 2, 2010.

Under 42 U.S.C. § 1988(b), a party prevailing under Title 42, United States Code, Section 1983 may be awarded "a reasonable attorney's fee as part of the costs." The Supreme Court, however, has held that in civil rights cases the "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). A district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan

v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(citation omitted). Cases where frivolity has been found are usually cases where "plaintiffs did not introduce any evidence to support their claims. Id. at 1189 (collecting cases). This determination is to be made on a case-by-case basis, and a non-exhaustive list of factors to be considered include: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005).

On January 12, 2010, the Court entered an Opinion and Order (Doc. #1159) granting defendants' motions to dismiss, finding that plaintiffs were provided six chances "to amend, edit, and supplement their complaint," and plaintiffs still could not present a "coherent, plausible claim on which relief may be granted," and dismissing the Final Complete Edited Third Amended Complaint with prejudice. Two days later and through January 26, 2010, plaintiffs filed 26 separate motions to add new evidence or add additional allegations. The motions were denied as moot in light of the dismissal of the case. (Doc. #1272.) Starting on March 23, 2010, through April 28, 2010, plaintiffs filed 36 Notices to take judicial notice, supplements, and addendums. On April 27, 2010, the Court entered an Order (Doc. #1307) denying reconsideration of

the dismissal with prejudice because "[p]laintiffs do not indicate an intervening change in controlling law, the "new evidence" proffered by plaintiffs are simply more allegations of criminal activities, including that the Hotel Indigo and Restaurant were built over a "crime scene", in an attempt to add additional defendants and again amend the Final Complete Edited Third Amended Complaint, and no clear or manifest injustice has been shown."

Plaintiffs could not, after numerous attempts, clearly state a claim or defeat the motions to dismiss. Viewing the evidence in the light most favorable to the non-prevailing party, as the Court must, Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003), and in light of the above findings the Court finds that an award of attorney's fees is appropriate in this case.

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Counsel incurred $22,696.20 in attorney and paralegal fees. The hourly rates are below the market rate for Fort Myers, Florida, and therefore the hourly rate is reasonable. Additionally, the hours expended are also reasonable in light of the copious amount of documents filed by plaintiffs.

Accordingly, it is now

**ORDERED:**

Defendants, Laura Patricia Gaffney, Patrick F. Creehan, Lynn Knobel, Kimberly V. Clark and The Department of Business and Professional Regulation Motion for Attorney's Fees (Doc. #1271) is **GRANTED**. The Clerk shall enter judgment awarding attorney's fees in favor of defendants Laura Patricia Gaffney, Patrick F. Creehan, Lynn Knobel, Kimberly V. Clark and The Department of Business and Professional Regulation and against plaintiffs in the amount of $22,696.20 in attorney's fees.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record